**In the Matter of Louis R. KOERNER, Jr.**

**Civ. A. No. 85–290.**

United States District Court, E.D. Louisiana.

May 29, 1985.

---

W. Kenneth Klein, Slidell, La., for debtor.

Mark C. Landry, Newman, Drolla, Mathis, Brady & Wakefield, P.C., New Orleans, La., for Creditors.

ROBERT F. COLLINS, District Judge.

On January 13, 1985, Louis R. Koerner, Jr., debtor in the captioned matter, filed a motion to declare the unconstitutionality of sections 106 and 124 of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the 1984 Act) [P.L. 98–353, 98 Stat. 333] as conflicting with the Appointment Clause of the Constitution. Since there is no section 124 of the 1984 Act, this Court assumes that the debtor is in error and that the debtor meant to challenge section 121 of the 1984 Act. For reasons set forth below, this court declines the debtor's invitation to strike down either section of the 1984 Act.

■ Although the debtor's motion is poorly drafted, the thrust of the argument appears to be that sections 106(a) and 121(e) violate the separation of powers principles embodied in the Appointments Clause of the Constitution, Art. II § 2, cl. 2. Implicit in this argument is the assumption that the terms of office of bankruptcy judges ended on June 27, 1984. This assumption is erroneous in that the terms of office of bankruptcy judges continued at least until July 10, 1984 by operation of holdover provisions in sections 404(b) and (d) of the Bankruptcy Act of 1978, as amended [P.L. 95–598, 92 Stat. 2683–85], until the appointment of their successors. Section 404(b) provides: "The term of a referee in bankruptcy who is serving on the date of enactment of this Act is extended to and expires on June 27, 1984 *or when his successor takes office.*" (Emphasis added.)

The bankruptcy judges were properly continued in office without reliance on any retroactive application of section 121(e) of the 1984 Act. The holdover provisions expressly authorize bankruptcy judges to serve beyond the expiration of the transition period. Thus, when June 27, 1984 had come and gone without new appointments, section 404(b) remained in effect until its particular transition function was accomplished. Hence the terms did not end on June 28th, but continued until July 10, 1984 when section 106(a) of the 1984 Act went into effect. See *In Re Ralph J. Moens*, No. 84–4109, C.D.Ill. (Feb. 21, 1985); *In Re George I. Benny*, 44 B.R. 581 (1984).

It is somewhat disturbing to the Court that Congress apparently felt the extensions of the Transition Provisions were necessary to preserve the viability of the bankruptcy courts and the life of the judges in those offices. Nevertheless, the Court finds that the bankruptcy courts remained in existence and the bankruptcy judges continued in office between June 27 and July 10, 1984, and it is, therefore, unnecessary to reach the constitutional issue on the Appointments Clause challenge. It is a basic precept that a statute must be construed, if at all possible, to avoid constitutional questions:

When the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a con-

**996**

struction of the statute is fairly possible by which the question may be avoided. *Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932).

■ Even assuming that the terms of office of all bankruptcy judges in fact expired on June 27, 1984, and that it is only by operation of sections 106(a) and 121(e) of the 1984 Act that bankruptcy judges hold office today, the legislation is nonetheless valid as a permissible retroactive *extension* of bankruptcy judges' terms, and is not an invalid legislative *appointment.*

The debtor apparently challenges both the retroactive extension of the term of office contained in section 121(e) and the prospective extension of office contained in 106(a). These arguments have no merit. The Appointments Clause grants Congress the right to create the office, establish and modify its scope and term, and designate officers previously appointed by the judiciary to remain in office. Congress did not select, and therefore did not "appoint", any one or all of the bankruptcy judges now in office. Rather, Congress modified the terms of office and nature of office of all bankruptcy judges previously appointed by the district courts who were in office as of June 27, 1984. Congress' actions were well within the scope of its grant of constitutional powers. *Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); *Shoemaker v. United States,* 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893); *Crenshaw v. United States,* 134 U.S. 99, 10 S.Ct. 431, 33 L.Ed. 825 (1890).

WHEREFORE, the debtor's motion to strike the Act of Congress as being repugnant to the United States Constitution is DENIED. This action is referred back to the Bankruptcy Court for further proceedings.